IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

|                                |     |                        |
|--------------------------------|-----|------------------------|
|                                | X   |                        |
| RONNIE J. BENSON,              | X   |                        |
|                                | X   |                        |
|     Plaintiff, | X   |                        |
|                                | X   |                        |
| vs.                            | X   | No. 12-3092-STA-tmp    |
|                                | X   |                        |
| ASSOCIATE WARDEN STOCK, et al., | X   |                        |
|                                | X   |                        |
|     Defendants. | X   |                        |
|                                | X   |                        |

---

ORDER TO MODIFY THE DOCKET
ORDER OF DISMISSAL
AND
ORDER GRANTING LEAVE TO AMEND

---

On December 20, 2012, Plaintiff Ronnie J. Benson, Bureau of Prisons ("BOP") register number 12405-076, an inmate at the Federal Correctional Institution in Memphis, Tennessee ("FCI Memphis"), filed a *pro se* complaint pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388, 91 S. Ct. 1999, 29 L. Ed. 2d 619 (1971). (ECF No. 1.) After Plaintiff filed the required documents (ECF No. 3), the Court issued an order on January 11, 2013, granting leave to proceed *in forma pauperis* and assessing the civil filing fee pursuant to the Prison Litigation Reform Act of 1996 ("PLRA"), 28 U.S.C. §§ 1915(a)-(b). (ECF No. 4.) The Clerk shall record the defendants as FCI Memphis Associate Warden First Name Unknown ("F/N/U") Stock; Health Services Administrator D. Franklund, who was incorrectly sued as "D.

Franklin";[1] Assistant Health Services Administrator J. Hargrove; Dr. N. Naimey; and S. Branch, C. Rodriguez, and R.C. Gaia, all of whom are nurses.

The complaint alleges that, on September 2, 2011, Plaintiff went to the medical department "complaining of a growth above his right eye that hurts and interferes with his vision and hampers his (Plaintiff) ability to sleep." (Compl. ¶ 8.) He was provided no medication or relief. (Id.) Plaintiff returned to the medical department on September 30, 2011, complaining about his right eye and stating that he was suffering "consistent pain." (Id. ¶ 9.) "At this time 9-30-11 Plaintiff was seen by a different MLP (mid-level-provider). During this evaluation the MLP could not determine the nature of the growth and informed Plaintiff that a consultation would be submitted referring Plaintiff to an outside specialist." (Id.) Plaintiff received no other treatment at that time. (Id.)

Plaintiff returned to sick call on January 5, 2012, complaining that the growth was increasingly painful. (Id. ¶ 10.) Plaintiff asked that a biopsy be performed because there was a history of cancer in his family. (Id. ¶ 11.) Plaintiff "was informed by medical staff that his condition has been properly evaluated by medical staff (nurse practitioner/Clinical Director) and a diagnosis of Sebaceous Cyst has been recorded in Plaintiff medical records." (Id. ¶ 12.) Also on January 5, 2012, Plaintiff learned that the Utilization Review Committee ("URC") denied the

---

[1]     The Clerk is directed to correct the docket to reflect the correct spelling of Defendant Franklund's last name, which was obtained from Plaintiff's inmate grievance. (*See* D.E. 1-2 at 2.)

request for an outside consultation on the grounds that Plaintiff's complaint concerned a preexisting condition and the procedure was cosmetic in nature. (Id. ¶ 13.) Plaintiff avers that, "[o]ther than a clinical observation and a measurement taken by nurse practitioner of Plaintiff growth above his right eye, Plaintiff have [sic] not received or provided any further treatment by qualified medical staff to lessen Plaintiff [sic] pain or condition." (Id. ¶ 14.)

On August 20, 2012, Plaintiff learned that medical staff had denied his request for a biopsy. (Id. ¶ 15.)

The complaint asserts two claims. Count One asserts a claim under the Eighth Amendment for deliberate indifference to his serious medical needs. (Id. ¶¶ 21-23.) Plaintiff seeks $250,000 in compensatory damages and $250,000 in punitive damages on that claim. (Id. ¶ 23.) Count Two asserts a violation of Plaintiff's right to Due Process under the Fifth Amendment. (Id. ¶¶ 24-26.) Plaintiff seeks punitive damages in the amount of $250,000 on that claim. (Id. ¶ 26.)

The Court is required to screen prisoner complaints and to dismiss any complaint, or any portion thereof, if the complaint—

> (1)  is frivolous, malicious, or fails to state a claim upon which relief may be granted; or

> (2)  seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b); *see also* 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

In assessing whether the complaint in this case states a claim on which relief may be granted, the Court applies the standards

under Federal Rule of Civil Procedure 12(b)(6), as stated in Ashcroft v. Iqbal, 556 U.S. 662, 677-79, 129 S. Ct. 1937, 1949-50 (2009), and in Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57, 127 S. Ct. 1955, 1964-66, 167 L. Ed. 2d 929 (2007). Hill v. Lappin, 630 F.3d 468, 470-71 (6th Cir. 2010). "Accepting all well-pleaded allegations in the complaint as true, the Court consider[s] the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief." Williams v. Curtin, 631 F.3d 380, 383 (6th Cir. 2011) (internal quotation marks and alteration omitted). "[P]leadings that . . . are no more than conclusions are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Iqbal, 556 U.S. at 679, 129 S. Ct. at 1950; *see also* Twombly, 550 U.S. at 555 n.3, 127 S. Ct. at 1964-65 n.3 ("Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests.").

"A complaint can be frivolous either factually or legally. Any complaint that is legally frivolous would *ipso facto* fail to state a claim upon which relief can be granted." Hill, 630 F.3d at 470 (citing Neitzke v. Williams, 490 U.S. 319, 325, 109 S. Ct. 1827, 1831-32, 104 L. Ed. 2d 338 (1989)).

Whether a complaint is factually frivolous under §§ 1915A(b)(1) and 1915(e)(2)(B)(i) is a separate issue from whether it fails to state a claim for relief. Statutes allowing a complaint to be dismissed as frivolous give "judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Neitzke, 490 U.S. at 327, 109 S. Ct. 1827 (interpreting 28 U.S.C. § 1915). Unlike a dismissal for failure to state a claim, where a judge must accept all factual allegations as true, Iqbal, 129 S. Ct. at 1949-50, a judge does not have to accept "fantastic or delusional" factual allegations as true in prisoner complaints that are reviewed for frivolousness. Neitzke, 490 U.S. at 327-28, 109 S. Ct. 1827.

Id. at 471.

"*Pro se* complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed." Williams, 631 F.3d at 383 (quoting Martin v. Overton, 391 F.3d 710, 712 (6th Cir. 2004)). *Pro se* litigants and prisoners are not exempt from the requirements of the Federal Rules of Civil Procedure. As the Sixth Circuit has explained:

Before the recent onslaught of *pro se* prisoner suits, the Supreme Court suggested that *pro se* complaints are to be held to a less stringent standard than formal pleadings drafted by lawyers. *See* Haines v. Kerner, 404 U.S. 519, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972) (per curiam). Neither that Court nor other courts, however, have been willing to abrogate basic pleading essentials in *pro se* suits. *See, e.g.*, id. at 521, 92 S. Ct. at 596 (holding petitioner to standards of Conley v. Gibson); Merritt v. Faulkner, 697 F.2d 761 (7th Cir.) (duty to be less stringent with *pro se* complaint does not require court to conjure up unplead allegations), *cert. denied*, 464 U.S. 986, 104 S. Ct. 434, 78 L. Ed. 2d 3366 (1983); McDonald v. Hall, 610 F.2d 16 (1st Cir.1979) (same); Jarrell v. Tisch, 656 F. Supp. 237 (D.D.C. 1987) (*pro se* plaintiffs should plead with requisite specificity so as to give defendants notice); Holsey v. Collins, 90 F.R.D. 122 (D. Md. 1981) (even *pro se* litigants must meet some minimum standards).

5

Wells v. Brown, 891 F.2d 591, 594 (6th Cir. 1989); *see also* Brown v. Matauszak, 415 F. App'x 608, 612, 613 (6th Cir. 2011) (affirming dismissal of *pro se* complaint for failure to comply with "unique pleading requirements" and stating "a court cannot 'create a claim which [a plaintiff] has not spelled out in his pleading'") (quoting Clark v. Nat'l Travelers Life Ins. Co., 518 F.2d 1167, 1169 (6th Cir. 1975)) (alteration in original); Payne v. Secretary of Treas., 73 F. App'x 836, 837 (6th Cir. 2003) (affirming *sua sponte* dismissal of complaint pursuant to Fed. R. Civ. P. 8(a)(2) and stating, "[n]either this court nor the district court is required to create Payne's claim for her"); *cf.* Pliler v. Ford, 542 U.S. 225, 231 (2004) ("District judges have no obligation to act as counsel or paralegal to *pro se* litigants."); Young Bok Song v. Gipson, 423 F. App'x 506, 510 (6th Cir. 2011) ("[W]e decline to affirmatively require courts to ferret out the strongest cause of action on behalf of *pro se* litigants. Not only would that duty be overly burdensome, it would transform the courts from neutral arbiters of disputes into advocates for a particular party. While courts are properly charged with protecting the rights of all who come before it, that responsibility does not encompass advising litigants as to what legal theories they should pursue."), *cert. denied*, ___ U.S. ___, 132 S. Ct. 461, 181 L. Ed. 2d 300 (2011).

Plaintiff's claims arise under Bivens, which provides a right of action against federal employees who violate an individual's rights under the United States Constitution. "Under the Bivens line of cases, the Supreme Court has recognized a cause of action

against federal officials for certain constitutional violations when there are no alternative processes to protect the interests of the plaintiff and no special factors counseling against recognizing the cause of action." Koubriti v. Convertino, 593 F.3d 459, 466 (6th Cir. 2010).

The Complaint contains no factual allegations against any named defendant. It is unclear whether Defendants Branch, Rodriguez, and Gaia are the MLPs referred to in the complaint. The members of the ULP are not identified. When a complaint fails to allege any action by a defendant, it necessarily fails to "state a claim for relief that is plausible on its face." Twombly, 550 U.S. at 570.

The attachments to the Complaint reflect that Defendant Franklund responded to Plaintiff's Attempt at Informal Resolution. (ECF No. 1-2 at 2-4.) Plaintiff has no valid claim against Franklund for failing to take action in response to his administrative complaint. George v. Smith, 507 F.3d 605, 609-10 (7th Cir. 2007) ("Ruling against a prisoner on an administrative complaint does not cause or contribute to the [constitutional] violation. A guard who stands and watches while another guard beats a prisoner violates the Constitution; a guard who rejects an administrative complaint about a completed act of misconduct does not."). The Complaint does not allege that Franklund was a member of the ULP or had any role in denying the request for an outside consultation.

The attachments indicate that Defendant Naimey examined the growth on Plaintiff's forehead during one of his sick call visits.[2] The Complaint does not adequately allege that Defendant Naimey's treatment of Plaintiff violated the Eighth Amendment. "The right to adequate medical care is guaranteed to convicted federal prisoners by the Cruel and Unusual Punishments Clause of the Eighth Amendment, and is made applicable to convicted state prisoners and to pretrial detainees (both federal and state) by the Due Process Clause of the Fourteenth Amendment." Johnson v. Karnes, 398 F.3d 868, 873 (6th Cir. 2005). "A prisoner's right to adequate medical care 'is violated when prison doctors or officials are deliberately indifferent to the prisoner's serious medical needs.'" Id. at 874 (quoting Comstock v. McCrary, 273 F.3d 693, 702 (6th Cir. 2001)); see also Blackmore v. Kalamazoo Cnty., 390 F.3d 890, 895 (6th Cir. 2004) ("The Eighth Amendment forbids prison officials from unnecessarily and wantonly inflicting pain on an inmate by acting with deliberate indifference toward the inmate's serious medical needs. . . . Prison officials' deliberate indifference violates these rights when the indifference is manifested by . . . prison guards in intentionally denying or delaying access to medical care for a serious medical need.") (internal quotation marks,

---

[2]    Id. at 5 ("The only medical staff I have been seen by has been PA's and a brief visit by Doctor Naimey who didn't look at me more than a few seconds before dismissing me."), 9 ("Being momentarily in the presence of a medical provider does not constitute an evaluation of my condition. NONE of the medical staff that I have been seen by qualify as a medical provider qualifying to determine whether the growth is a minor cyst or a malignant cancer growing on my forehead. It may well be that this is nothing more than a cyst, however, without proper evaluation by a QUALIFIED staff or a specialist, there is no way to make that decision. I may not be a doctor, but I know that to know if a growth is cancerous or beniegn [sic] requires that a biopsy be performed on the patient.").

alterations & citation omitted). "Although the right to adequate medical care does not encompass the right to be diagnosed correctly, [the Sixth Circuit] has long held that prison officials who have been alerted to a prisoner's serious medical needs are under an obligation to offer medical care to such a prisoner." Johnson, 398 F.3d at 874 (internal quotation marks & citation omitted).

The objective component of an Eighth Amendment claim requires that a prisoner have a serious medical need. Blackmore, 390 F.3d at 895; Brooks v. Celeste, 39 F.3d 125, 128 (6th Cir. 1994). "[A] medical need is objectively serious if it is one that has been diagnosed by a physician as mandating treatment *or* one that is so obvious that even a lay person would readily recognize the necessity for a doctor's attention." Blackmore, 390 F.3d at 897 (internal quotation marks & citations omitted); *see also* Johnson, 398 F.3d at 874. In this case, Defendant Naimey concluded that the growth on Plaintiff's forehead is a sebaceous cyst. "Sebaceous cysts are not dangerous and can usually be ignored." Http://www.ncbi.nim.hih.gov/pubmedhealth/PMH1845/. It is, therefore, questionable whether Plaintiff has a serious medical need. Batts v. Corr. Med. Servs., Inc., Civil Action No. GLR-12-2414, 2013 WL 210620, at *4 (D. Md. Jan. 17, 2013); Carter v. Prasad, Civil Case No. 07-cv-15379, 2009 WL 346355, at *3 (E.D. Mich. Feb. 10, 2009). There is no allegation that the cyst was

infected, painful to the touch, or draining.[3] Therefore, it does not appear that the objective component of an Eight Amendment violation has been satisfied.

To establish the subjective component of an Eighth Amendment violation, a prisoner must demonstrate that the official acted with the requisite intent, that is, that he or she had a "sufficiently culpable state of mind." Farmer v. Brennan, 511 U.S. 825, 834, 114 S. Ct. 1970, 1977, 128 L. Ed. 2d 811 (1994); Wilson v. Seiter, 501 U.S. 294, 302-03, 111 S. Ct. 2321, 2326, 115 L. Ed. 2d 271 (1991), 501 U.S. at 297, 302-03. The plaintiff must show that the prison officials acted with "deliberate indifference" to a substantial risk that the prisoner would suffer serious harm. Farmer, 511 U.S. at 834, 114 S. Ct. at 1977; Wilson, 501 U.S. at 303, 111 S. Ct. at 2326-27; Helling v. McKinney, 509 U.S. 25, 32, 113 S. Ct. 2475, 2480, 125 L. Ed. 2d 22 (1993); Woods v. Lecureux, 110 F.3d 1215, 1222 (6th Cir. 1997); Street v. Corr. Corp. of Am., 102 F.3d 810, 814 (6th Cir. 1996); Taylor v. Mich. Dep't of Corr., 69 F.3d 76, 79 (6th Cir. 1995). "[D]eliberate indifference describes a state of mind more blameworthy than negligence." Farmer, 511 U.S. at 835, 114 S. Ct. at 1978. Thus,

> *[a] prison official cannot be found liable under the*
> *Eighth Amendment for denying an inmate humane conditions*

---

[3]     Although Plaintiff asserts that the cyst was painful, the grievance response, which was based on a review of his medical records, reflects that Plaintiff told the MLPs who examined him that the cyst was not painful. *See* ECF No. 1-2 at 3 ("A review of each evaluation's documentation reveals during each examination you reported a pain scale of zero (0), and each evaluation failed to reveal any indication of tenderness, or discharge from the area."). Notably, each of Plaintiff's inmate grievances assert that medical providers did nothing to rule out cancer, not that they were deliberately indifferent to his pain.

*of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.* This approach comports best with the text of the Eighth Amendment as our cases have interpreted it. The Eighth Amendment does not outlaw cruel and unusual "conditions"; it outlaws cruel and unusual "punishments." An act or omission unaccompanied by knowledge of a significant risk of harm might well be something society wishes to discourage, and if harm does result society might well wish to assure compensation. The common law reflects such concerns when it imposes tort liability on a purely objective basis. . . . But an official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation, cannot under our cases be condemned as the infliction of punishment.

Id. at 837-38, 114 S. Ct. at 1979 (emphasis added; citations omitted); *see also* Garretson v. City of Madison Heights, 407 F.3d 789, 796 (6th Cir. 2005) ("If the officers failed to act in the face of an obvious risk of which they should have known but did not, then they did not violate the Fourteenth Amendment.").

This is a case in which a prisoner received some medical treatment but he contends that a more appropriate treatment was withheld from him. "'[T]hat a [medical professional] has been negligent in diagnosing or treating a medical condition does not state a valid claim . . . under the Eighth Amendment.'" Dominquez v. Corr. Med. Servs., 555 F.3d 543, 550 (6th Cir. 2009) (quoting Estelle v. Gamble, 429 U.S. 97, 106, 97 S. Ct. 285, 292, 50 L. Ed. 2d 251 (1976)). "The requirement that the official have subjectively perceived a risk of harm and then disregarded it is meant to prevent the constitutionalization of medical malpractice claims; thus, a plaintiff alleging deliberate indifference must

11

show more than negligence or the misdiagnosis of an ailment." Comstock, 273 F.3d at 703. "When a doctor provides treatment, albeit carelessly or inefficaciously, to a prisoner, he has not displayed a deliberate indifference to the prisoner's needs, but merely a degree of incompetence which does not rise to the level of a constitutional violation." Id.; *see also* Johnson, 398 F.3d at 875. The Sixth Circuit has suggested that a physician's provision of grossly inadequate care may satisfy the deliberate indifference standard, Terrance v. Nw. Reg'l Psychiatric Hosp., 286 F.3d 834, 843-44 (6th Cir. 2002); *see also* Perez v. Oakland Cnty., 466 F.3d 416, 424 (6th Cir. 2006), but, in a later decision, the Sixth Circuit clarified that the plaintiff must prove that the physicians were subjectively aware of, yet disregarded, the risk, Perez, 466 F.3d at 424. "'[D]eliberate indifference to a substantial risk of serious harm to a prisoner is the equivalent of recklessly disregarding that risk.'" Comstock, 273 F.3d at 703 (quoting Farmer, 511 U.S. at 836, 114 S. Ct. at 1978).

The Sixth Circuit has addressed the means by which a prisoner can establish deliberate indifference in such cases:

> Although the plaintiff bears the onerous burden of proving the official's subjective knowledge, this element is subject to proof by "the usual ways." Farmer, 511 U.S. at 842, 114 S. Ct. 1970. Thus, the Supreme Court noted that it was permissible for reviewing courts to infer from circumstantial evidence that a prison official had the requisite knowledge. Id. at 842, 114 S. Ct. 1970. Moreover, the Court warned, a prison official may "not escape liability if the evidence showed that he merely refused to verify underlying facts that he strongly suspected to be true, or declined to confirm inferences

12

of risk that he strongly suspected to exist." <u>Id.</u> at 843 n.8, 114 S. Ct. 1970.

<u>Id.</u>

The failure to approve a consultation with a specialist or to perform a biopsy does not establish deliberate indifference. "A medical decision not to order an X-ray, or like measures, does not represent cruel or unusual punishment. At most it is medical malpractice, and as such the proper forum is the state court." <u>Estelle</u>, 429 U.S. at 107, 97 S. Ct. at 293. Therefore, the subjective component of an Eighth Amendment claim has not been satisfied.

The Complaint also asserts, without elaboration, that Plaintiff's right to due process has been violated. Although the Complaint does not state whether Plaintiff is asserting a violation of his right to procedural or substantive due process, the facts presented by Plaintiff do not fit within any recognized procedural due process claim. Plaintiff also cannot bring a challenge to his conditions of confinement as a substantive due process claim because that claim arises under the Eighth Amendment. <u>Smith v. Mich.</u>, 256 F. Supp. 2d 704, 707 (E.D. Mich. 2003).

Therefore, Plaintiff's complaint is subject to dismissal for failure to state a claim on which relief may be granted, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) & (iii) and 1915A(b)(1) & (2).

The Sixth Circuit recently held that a district court may allow a prisoner to amend his complaint to avoid a *sua sponte* dismissals under the PLRA. <u>LaFountain v. Harry</u>, ___ F.3d ___, ___,

13

2013 WL 2221569, at *5 (6th Cir. 2013); *see also* <u>Brown v. R.I.</u>, No. 12-1403, 2013 WL 646489, at *1 (1st Cir. Feb. 22, 2013) (per curiam) ("Ordinarily, before dismissal for failure to state a claim is ordered, some form of notice and an opportunity to cure the deficiencies in the complaint must be afforded."). Leave to amend is not required where a deficiency cannot be cured. <u>Brown</u>, 2013 WL 646489, at *1; <u>Gonzalez-Gonzalez v. United States</u>, 257 F.3d 31, 37 (1st Cir. 2001) ("This does not mean, of course, that every sua sponte dismissal entered without prior notice to the plaintiff automatically must be reversed. If it is crystal clear that the plaintiff cannot prevail and that amending the complaint would be futile, then a sua sponte dismissal may stand."); <u>Grayson v. Mayview State Hosp.</u>, 293 F.3d 103, 114 (3d Cir. 2002) ("*in forma pauperis* plaintiffs who file complaints subject to dismissal under Rule 12(b)(6) should receive leave to amend unless amendment would be inequitable or futile"); <u>Curley v. Perry</u>, 246 F.3d 1278, 1284 (10th Cir. 2001) ("We agree with the majority view that sua sponte dismissal of a meritless complaint that cannot be salvaged by amendment comports with due process and does not infringe the right of access to the courts.").

In this case, the Court cannot conclude that any amendment would be futile as a matter of law. Therefore, leave to amend is GRANTED. Any amendment must be filed within thirty (30) days of the date of entry of this order. If Plaintiff fails to file an amended

complaint within the time specified, the Court will assess a strike

pursuant to 28 U.S.C. § 1915(g).


    IT IS SO ORDERED this 17th day of June, 2013.



                                                    **s/ S. Thomas Anderson**
                                                    S. THOMAS ANDERSON
                                                    UNITED STATES DISTRICT JUDGE